1 | **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
2 | ak@kazlg.com
Mona Amini, Esq. (296829)
3 | mona@kazlg.com
245 Fischer Ave., Unit D1
4 | Costa Mesa, CA 92626
Telephone: (800) 400-6808
5 | Facsimile: (800) 520-5523

6 | **HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
7 | josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
8 | San Diego, CA 92108
Telephone: (619) 233-7770
9 | Facsimile: (619) 297-1022

10 | *Attorneys for Plaintiff, Niesha Paul*

11 |

12 | **SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.**
Damian P. Richard, Esq. (SBN 262805)
13 | 1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
14 | Tel: 619/ 758-1891
Fax: 619/ 296-2013
15 | drichard@sessions.legal
*Attorneys Defendant Credence Resource Management, LLC*

16 |

17 | **UNITED STATES DISTRICT COURT**

18 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NIESHA PAUL,** | **Case No.:** 2:18-cv-08706-FMO-KS |
| **Plaintiff,** | |
| vs. | **JOINT RULE 26(F) REPORT** |
| **CREDENCE RESOURCE MANAGEMENT, LLC,** | DATE: January 17, 2019<br>TIME: 10:00 A.M.<br>COURTROOM: 6D |
| **Defendant.** | HON. FERNANDO M. OLGUIN |

27 | //
28 | //

1
JOINT RULE 26(F) REPORT

Plaintiff NIESHA PAUL ("Plaintiff") and Defendant CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

### a. Statement Of The Case

**Plaintiff:** Plaintiff alleges that Defendant, a debt collector, used unfair or unconscionable means to collect an alleged debt from Plaintiff, thereby committing multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("RFDCPA"), and this conduct caused Plaintiff damages.

Plaintiff prays for the following damages:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant; and
- Any and all other relief the Court deems just and proper.

**Defendant:** Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("RFDCPA") are meritless. Defendant only placed calls based on Plaintiff's address and telephone number area code pursuant to the information it received from Plaintiff's creditor and cellular provider

AT&T Mobility. All of the calls occurred within permissible timeframe based on Plaintiff's residential address and telephone number area code. To the extent it is true that Plaintiff was on the West Coast when she received the subject calls, Defendant's calls were not in violation of the FDCPA and RFDCPA. Moreover, even if Plaintiff could prove a violation, which she cannot, any such violation was a *bona fide error* notwithstanding Defendant's procedures to avoid such errors.

      **b.** **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 because Plaintiff's claims arise out of violation of federal law; and this Court also has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

      **c.** **Legal Issues**

**Plaintiff:** Plaintiffs assert that no triable issues of material fact exist with regard to Defendant's violations of the FDCPA and RFDCPA. Therefore, the key legal issue is whether Defendant is able to meet the bona fide error affirmative defense codified at 15 U.S.C. § 1692k(c).

**Defendant:** Defendant did not violate the FDCPA or the RFDCPA. Further, to the extent Plaintiff can prove any technical deficiency, any such violation is a *bona fide error* notwithstanding Defendant's procedures to avoid such errors.

      **d.** **Parties And Evidence**

**Plaintiff:** Key witnesses for Plaintiff will include the Person(s) Most Knowledgeable for Defendant; and, individual collectors associated with the debt allegedly owed to Defendant.

**Defendant:** Defendant identifies as witnesses (1) employees or representatives of Defendant responsible for maintaining recordings of calls between Defendant and Plaintiff, (2) any third-party witnesses identified by Plaintiff, and (3) corporate representative or records custodian of AT&T to be identified by AT&T regarding Plaintiff's address and telephone number on the account when placed with Defendant and her failure to provide updated contact information to AT&T. Defendant

identifies as evidence (1) Defendant's account records relating to Plaintiff's AT&T account.

### e. Insurance

**Plaintiff:** None.

**Defendant:** Defendant carries insurance policies that apply to this dispute through XL Catlin.

### f. Magistrate Judge

**Plaintiff:** Plaintiff is amenable to proceeding before a mutually agreeable Magistrate Judge.

**Defendant:** Defendant does not consent to a proceeding before a magistrate judge.

### g. Discovery

**Plaintiff:** Plaintiff anticipates propounding Requests for Admissions, Requests for Production of Documents and Special Interrogatories. In propounding said discovery, Plaintiff seeks discovery regarding Defendant's debt collection practices. Moreover, Plaintiff anticipates requiring deposition testimony of the Rule 30(b)(6) representative and Person(s) Most Knowledgeable for Defendant; and individual collectors associated with Plaintiff's account.

Plaintiff proposes the following schedule:

- Discovery Cut-Off: July 26, 2019
- Initial Expert Witness Disclosures: June 11, 2019
- Rebuttal Expert Witness Disclosures: July 11, 2019
- Expert Discovery Cut-Off: August 26, 2019

**Defendant:** Defendant agrees with the proposed discovery schedule. Defendant intends to issue written discovery including requests for production and interrogatories concerning the factual basis of Plaintiff's claims. Namely, when she moved to a new residence and whether she provided notice of such move to Credence

or AT&T.  Defendant also intends to depose the Plaintiff once written discovery responses are received.

### h. **Motions**

**Plaintiff:** There are no Motions currently pending before this Court. At this time, Plaintiff does not anticipate filing a motion to add other parties or claims, file amended pleadings, or transfer venue. Pending discovery, Plaintiff anticipates filing a Motion for Summary Judgment after conducting discovery.

**Defendant:**  At this time, Defendant does not anticipate filing a motion to add other parties or claims, file amended pleadings, or transfer venue. Pending discovery, Defendant anticipates filing a Motion for Summary Judgment after conducting discovery.

### i. **Class Certification**

Not applicable at this time as Plaintiff's operative pleading is not a putative class action.

### j. **Dispositive Motions**

**Plaintiff:** Plaintiff believes the following issues may be determined by a Motion for Summary Judgment or Motions *In Limine*:

- Plaintiff is a consumer;
- Defendant is a debt collector;
- The alleged debt owed to Defendant is a consumer debt;
- Defendant violated the FDCPA by using an unfair or unconscionable means to collect or attempt to collect an alleged debt from Plaintiffs;
- Defendant violated the FDCPA;
- Defendant violated the RFDCPA; and
- Defendant cannot satisfy the bona fide error affirmative defense.

Plaintiff proposes the Dispositive Motion Filing Deadline: August 29, 2019

**Defendant:** There is no genuine issue of material fact that Defendant *did not* violate the FDCPA or the RFDCPA.  However, to the extent Plaintiff can prove

5
JOINT RULE 26(F) REPORT

*prima facie*, or technical violation, there is no genuine issue of material fact that any such violation was a *bona fide error* and that Defendant maintained procedures reasonably adapted to avoid such an error.

      **k.**    <u>**Settlement/Alternative Dispute Resolution (ADR)**</u>

**Plaintiff:** Settlement discussions to date have been unsuccessful; however, Plaintiff remains open to settlement discussions and believes that further settlement discussions will benefit from a developed factual record. Plaintiff requests private mediation pursuant to Local Rule 16-15.4 after the parties have had an opportunity to engage in meaningful discovery.

**Defendant:** Defendant is amenable to ADR whether it be through court-ordered or private mediation.

      **l.**    <u>**Pretrial Conference & Trial**</u>

**Plaintiff:** Plaintiff proposes the following dates:

- Pretrial Conference: December 23, 2019
- Trial: January 17, 2020

**Defendant:** Defendant does not object to the proposed dates.

      **m.**    <u>**Trial Estimate**</u>

**Plaintiff:** At this time, Plaintiff estimates a 4 day jury trial with three (3) witnesses to be called by Plaintiff. Plaintiff's witness list will most likely grow after individuals are identified during the course of discovery.

**Defendant:** Defendant maintains that this case may be properly decided on summary judgment. However, to the extent there are any factual disputes, Defendant estimates that a trial will take no longer than 1 day.

      **n.**    <u>**Trial Counsel**</u>

**Plaintiff:** Plaintiff will be represented by Abbas Kazerounian, Mona Amini, and Joshua B. Swigart at trial.

**Defendant:** Defendant will be represented by Damian P. Richard at trial.

      **o.** <u>**Independent Expert Or Master**</u>

**Plaintiff:** Plaintiff does not believe that this is a case in which requires the appointment of an independent expert or a master.

**Defendant:** Defendant does not believe that this is a case in which requires the appointment of an independent expert or a master

      **p.** <u>**Other Issues**</u>

**Plaintiff:** None known to Plaintiff at this time.

**Defendant:** None known to Defendant at this time.

Dated: January 3, 2019         **KAZEROUNI LAW GROUP, APC**

By:   s/ Mona Amini
      Mona Amini, Esq.
      Attorneys for Plaintiff

Dated: January 3, 2019         **SESSIONS FISHMAN NATHAN & ISRAEL, L.L.P.**

By:   s/ Damian P. Richard
      Damian P. Richard, Esq.
      Attorneys for Defendant

<u>Signature Certification</u>

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Defendant's Counsel, and that I have obtained Defendant's Counsel's authorization to affix his electronic signature to his document.

Dated: January 3, 2019         By:   s/ Mona Amini
      Mona Amini, Esq.
      Attorney for Plaintiff

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is KAZEROUNI LAW GROUP, APC, 245 Fischer Avenue, Unit D1, Costa Mesa, California 92626. On January 3, 2019, I served the within document(s):

**JOINT RULE 26(F) REPORT**

☒ CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 3, 2019 at Costa Mesa, California.

/s/ MONA AMINI
MONA AMINI, ESQ.